J-A20045-20

NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| CARL LEE FIELDS | : | |
| | : | |
| Appellant | : | No. 1630 WDA 2019 |

Appeal from the PCRA Order Entered October 22, 2019
in the Court of Common Pleas of Allegheny County
Criminal Division at No(s): CP-02-CR-0013464-1993

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| CARL LEE COLLINS | : | |
| | : | |
| Appellant | : | No. 1632 WDA 2019 |

Appeal from the PCRA Order Entered October 22, 2019
in the Court of Common Pleas of Allegheny County
Criminal Division at No(s): CP-02-CR-0012112-1993

BEFORE: BOWES, J., OLSON, J., and MUSMANNO, J.

MEMORANDUM BY MUSMANNO, J.: FILED NOVEMBER 30, 2020

Carl Lee Collins ("Collins") appeals from the Order denying his Petition for relief filed pursuant to the Post Conviction Relief Act ("PCRA").[1] We affirm.[2]

The PCRA court summarized the procedural history relevant to the instant appeal as follows:

> In 1993, [Collins] was charged at the above-referenced docket numbers with criminal homicide, aggravated assault, robbery, carrying a firearm without a license, and conspiracy.[3] [Collins] was convicted of second-degree murder and the remaining charges following a jury trial in 1994. At the time [Collins] committed [these] offense[s], [Collins] was 16 years old. On October 11, 2017, pursuant to the United States Supreme Court decision in Miller v. Alabama, 567 U.S. 460 (2012), [Collins] was resentenced before the Honorable Judge Donna Jo McDaniel [("Judge McDaniel" or "the resentencing judge")]. At that time, [Collins's] sentence of life without parole was vacated[,] and Judge McDaniel sentenced [Collins] to serve a period of thirty (30) years to life incarceration.[4] [Collins's] sentence was affirmed on direct appeal. [See Commonwealth v. Collins, 194 A.3d 714 (Pa. Super. 2018).] On January 16, 2019, [Collins] filed a pro se PCRA Petition. Due to Judge McDaniel's retirement, this matter was assigned to [the Honorable Thomas E. Flaherty ("the

---

[1] See 42 Pa.C.S.A. §§ 9541-9546.

[2] Collins properly filed a separate Notice of Appeal at each of the above-stated docket numbers, in accordance with Commonwealth v. Walker, 185 A.3d 969 (Pa. 2018). This Court consolidated the proceedings by an Order entered on November 12, 2019. We note that the use of two docket numbers was the result of Collins's use of two names at the time of the incident: Carl Lee Collins and Carl Lee Fields. On January 6, 1994, the Commonwealth filed a Motion to Join the proceedings as the assignment of two docket numbers was the result of an "administrative error." See Motion to Join, 1/6/94, at 6. The record reflects no trial court order disposing of this Motion.

[3] See 18 Pa.C.S.A. §§ 2501, 2702(a), 3701(1)(1), 6106(a), 903.

[4] Judge McDaniel imposed no further penalty on Collins's remaining convictions.

> PCRA judge")]. Counsel was appointed for [Collins], as it was his first PCRA following his resentencing….

PCRA Court Notice of Intention to Dismiss, 9/4/19, at 1 (footnotes and citation added). By appointed counsel, Collins filed an Amended PCRA Petition. After appropriate Notice pursuant to Pa.R.Crim.P. 907, the PCRA court dismissed Collins's Amended Petition without a hearing. Thereafter, Collins filed the instant timely appeal, followed by a court-ordered Pa.R.A.P. 1925(b) Concise Statement of matters complained of on appeal.

Collins presents the following claims for our review:

1. Did the PCRA court err in dismissing [Collins's] claim that resentencing counsel was ineffective in failing to object to the resentencing court's reliance on [Collins's] prior assertions of innocence[,] and [the] prosecution of his third action pursuant to the PCRA[,] as aggravating sentencing factors, impermissibly burdening his federal and Pennsylvania constitutional privilege against self-incrimination, and his Pennsylvania constitutional rights to open courts, to appeal, and to seek writ of habeas corpus?

2. Did the PCRA court err in dismissing [Collins's] claim that resentencing counsel was ineffective in failing to tether her demonstration of [Collins's] rehabilitability to a particular term-of-years sentence by resort to extant comparator cases?

3. Did the PCRA court err in dismissing [Collins's] claim that his sentence is unconstitutional and illegal because it is a de facto life sentence[,] where there is an emerging national consensus that a term of 30 years to life imprisonment is a de facto term of life imprisonment within the meaning of the federal constitutional prohibition on cruel and unusual punishment, an issue currently before the Supreme Court of Pennsylvania in Commonwealth v. Felder, [187 A.3d 909 (Pa. 2018)] ?

Brief for Appellant at 4.

In reviewing the grant or denial of PCRA relief, an appellate court considers whether the PCRA court's conclusions are supported by the record and free of legal error. Commonwealth v. Crispell, 193 A.3d 919, 927 (Pa. 2018). Moreover, the factual findings of a post-conviction court, which hears evidence and passes on the credibility of witnesses, should be given deference. See Commonwealth v. Spotz, 84 A.3d 294, 312, 319 (Pa. 2014).

> In order to qualify for relief under the PCRA, a petitioner must establish, by a preponderance of the evidence, that his conviction or sentence resulted from one or more of the enumerated errors in 42 Pa.C.S.[A.] § 9543(a)(2). These errors include, inter alia, a violation of the Pennsylvania or United States Constitutions, or instances of ineffectiveness of counsel that "so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place." Id. § 9543(a)(2)(i) and (ii); Crispell, 193 A.3d at 927….

> Additionally, to obtain relief under the PCRA based on a claim of ineffectiveness of counsel, a PCRA petitioner must satisfy the performance and prejudice test set forth in Strickland v. Washington, 466 U.S. 668 … (1984). In Pennsylvania, we have applied the Strickland test by requiring a petitioner to establish that: (1) the underlying claim has arguable merit; (2) no reasonable basis existed for counsel's action or failure to act; and (3) the petitioner suffered prejudice as a result of counsel's error, with prejudice measured by whether there is a reasonable probability that the result of the proceeding would have been different. Commonwealth v. Pierce, … 786 A.2d 203, 213 (Pa. 2001). Counsel is presumed to have rendered effective assistance, and, if a claim fails under any required element of the Strickland test, the court may dismiss the claim on that basis. Commonwealth v. Ali, … 10 A.3d 282, 291 (Pa. 2010)….

Commonwealth v. Housman, 226 A.3d 1249, 1260-61 (Pa. 2020).

Collins first claims that the PCRA court improperly dismissed his claim of ineffective assistance of resentencing counsel. Brief for Appellant at 16. Specifically, Collins argues that counsel should have objected when the resentencing court relied on Collins's prior assertions of innocence, and his pursuit of a third PCRA Petition, as aggravating sentencing factors. Id. at 16. According to Collins, his counsel "ably demonstrated that he was already rehabilitated, much less rehabilitatable." Id. Collins argues that the Commonwealth then improperly countered with evidence of his prior assertions of innocence, and Collins's prosecution of his third PCRA Petition. Id. Collins asserts that the resentencing court relied on this evidence as an aggravating sentencing factor, which impacted his credibility and ability to be rehabilitated. Id. Collins argues that in doing so, the resentencing court violated and burdened his federal and state constitutional privilege against self-incrimination, and his right to petition for writ of habeas corpus. Id. at 16-17.

In particular, Collins directs our attention to the Commonwealth's inquiry related to the claims raised in his 2008 PCRA Petition. Id. at 17-18. According to Collins, the Commonwealth used the averments in his 2008 PCRA Petition as evidence that he was "still trying to get out and putting forth lies before the [c]ourt in order to get released[.]" Id. (citation omitted). Collins asserts that the Commonwealth also referred to this evidence in its closing argument at the resentencing hearing. See id. at 19. Collins argues that his

resentencing counsel rendered ineffective assistance by not objecting to the presentation of this evidence, and the Commonwealth's argument. Id. According to Collins, the trial court further relied on this evidence as an aggravating sentencing factor, in its statement of reasons for the sentence imposed. Id. at 19-21, 21-22.

Collins argues that by considering impermissible sentencing factors, the resentencing court impermissibly burdened the exercise of his constitutional rights. Id. at 26. Collins cites North Carolina v. Pearce, 395 U.S. 711 (1969), which recognized that "penalizing those who choose to exercise constitutional rights, would be patently unconstitutional. ... And the very threat inherent in the existence of such a punitive policy would, with respect to those still in prison, serve to chill the exercise of basic constitutional rights...." Id. at 724. According to Collins, his counsel had no reasonable basis for her failure to object to this evidence. See Brief for Appellant at 30. As a result, Collins argues, he suffered prejudice at resentencing. Id.

In its Pa.R.Crim.P. 907 Notice of Intent to Dismiss ("PCRA Notice"), which the PCRA court incorporated into its Pa.R.A.P. 1925 Opinion, the PCRA court addressed this claim as follows:

> At [Collins's] resentencing, [the resentencing court] permitted the Commonwealth to inquire about [Collins's] prior PCRA Petition[,] wherein he proffered evidence that purportedly exonerated him. This line of inquiry was taken in the context of challenging [Collins's] statement at the resentencing hearing that he was remorseful and taking responsibility for his actions. After careful

review of the resentencing hearing transcript, it is clear that the [resentencing court] did not place an emphasis on this fact when fashioning [the] sentence. [The resentencing judge] merely stated that it was "interesting." [The resentencing judge] found that the most significant factor was the fact that [Collins] began to take classes and better himself in 1995, which was before Miller [] found mandatory life sentences for juveniles to be unconstitutional. It proved to [the resentencing judge] that [Collins] was sincere in his rehabilitation efforts. As the record fails to establish that [the resentencing judge] used [Collins's] prior profession of innocence in any manner in fashioning [Collins's] sentence, it cannot be ineffective assistance of counsel to fail to object to the same.

PCRA Court Notice, 9/4/19, at 2 (citations omitted).

Because the record supports the PCRA court's determination that Collins's underlying claim lacks arguable merit, we affirm on the basis of the PCRA court's reasoning, as set forth above, with regard to Collins's first claim. See id.; see also Ali, 10 A.3d at 291 (stating that if an ineffectiveness claim fails under any required element of the Strickland test, the court may dismiss the claim on that basis).

In his second claim, Collins argues that his resentencing counsel rendered ineffective assistance by failing "to tether her demonstration of [Collins's] rehabilitability to a particular term-of-years sentence by resort to extant comparator cases." Brief for Appellant at 32. Collins sets forth a summary of the sentences imposed for 16-year-old offenders convicted of second-degree murder throughout Pennsylvania. Id. at 33. Collins challenges the PCRA court's reliance on Commonwealth v. Lekka, 210 A.3d

343 (Pa. Super. 2019), in holding that consideration of "comparator's sentences" is legally impermissible. Brief for Appellant at 34.

Collins contends that at the hearing, his counsel demonstrated that Collins was "essentially already rehabilitated," and that the gravity of his offense, "essentially a robbery gone wrong[,]" was consistent with cases that had resulted in lower minimum sentences. Id. at 35. According to Collins, counsel's ineffectiveness caused him prejudice, "as there is a reasonable probability that providing a frame of reference for post-Miller resentencing would have persuaded the resentencing court to impose a minimum term of less than 30 years [of] imprisonment." Id. at 36.

When imposing sentence, a trial court must consider the relevant sentencing guideline ranges, as well as "the factors set out in 42 Pa.C.S.A. § 9721(b), that is, the protection of the public, gravity of offense in relation to impact on victim and community, and rehabilitative needs of the defendant." Commonwealth v. Coulverson, 34 A.3d 135, 144 (Pa. Super. 2011) (citation omitted).

In Commonwealth v. Celestin, 825 A.2d 670 (Pa. 2003), this Court addressed whether a sentencing court may consider "factually similar cases in which plea bargains resulted in sentences below the guideline range," as a factor in sentencing the defendant. Id. at 679. In concluding that such evidence constituted an impermissible sentencing factor, this Court recognized that "a sentencing court in one case cannot possibly know all of

the various considerations and factors underlying a negotiated plea in another case." Id. at 680.

In Lekka, following the decision in Miller, the trial court resentenced the defendant to 45 years to life in prison. Lekka, 210 A.3d at 348. The defendant filed a motion to reconsider his sentence, at which time he sought to introduce an exhibit analyzing the resentencing of 120 juvenile offenders in Pennsylvania, following Miller. Id. The resentencing court precluded the admission of this exhibit, and denied reconsideration of the defendant's sentence. Id.

On appeal, the defendant challenged, inter alia, the preclusion of the exhibit analyzing the sentences imposed on other juvenile offenders, following Miller. Id. at 353. This Court rejected the defendant's claim, concluding that (a) the defendant had failed to present the exhibit at his original resentencing hearing; and, significantly, (b) the exhibit was not relevant. Id. Regarding the exhibit's lack of relevance, this Court explained, in part, that "[t]he consideration of the sentences[,] by themselves[,] is also contrary to Pennsylvania's individual sentencing scheme, which mandates that courts consider in each case the nature and circumstances of the crime and character of the defendant[,] rather than only looking to the mere fact of the offense committed." Id. Further, "uniformity in sentencing does not obviate the requirement that the sentence be individualized with respect to the factors of the particular defendant and criminal offense." Id. at 354-55.

Here, as in Celestin and Lekka, we conclude that evidence related to "comparable cases" would have been irrelevant to the individualized sentencing of Collins required by Pennsylvania's Sentencing Code. See Commonwealth v. Walls, 926 A.2d 957, 966 (Pa. 2007) (stating that "Pennsylvania's sentencing system, as evidenced by the Sentencing Code and our case law, is based upon individualized sentencing."). As such, comparable cases evidence would have constituted an impermissible sentencing factor. See Celestin, 825 A.2d 679. Because there is no arguable merit to Collins's underlying claim, this claim of ineffective assistance of resentencing counsel fails. See Ali, 10 A.3d at 291 (recognizing that if a claim fails under any required element of the Strickland ineffectiveness test, the court may dismiss the claim on that basis).

Finally, Collins argues that the PCRA court erred in rejecting his challenge to the legality of the sentence, as "there is an emergent consensus that a term of 30 years to life imprisonment is a de facto term of life imprisonment," and therefore violates the constitutional prohibition on cruel and unusual punishment. Brief for Appellant at 41. Collins directs our attention to other jurisdictions, arguing that there is a growing national consensus that, "at least, somewhere between 25 and 30 years [of] imprisonment is the upper limit before the chance at parole must be provided." Id. at 43. Collins also states that the issue is presently before our Supreme

Court in Commonwealth v. Felder, 181 A.3d 1252 (Pa. Super. 2017) (unpublished memorandum), appeal granted, 187 A.3d 909 (Pa. 2018).

"[A] claim challenging a sentencing court's legal authority to impose a particular sentence presents a question of sentencing legality." Commonwealth v. Batts, 163 A.3d 410, 434-35 (Pa. 2017) ("Batts II") (citations omitted). "The determination as to whether a trial court imposed an illegal sentence is a question of law; an appellate court's standard of review in cases dealing with questions of law is plenary." Commonwealth v. Crosley, 180 A.3d 761, 771 (Pa. Super. 2018) (citation omitted).

In Felder, our Supreme Court granted allowance of appeal as to the following issue:

> Does not a sentence of 50 years to life imposed upon a juvenile constitute a de facto life sentence requiring the sentencing court, as mandated by this Court in [Batts II,] first find permanent incorrigibility, irreparable corruption or irretrievable depravity beyond a reasonable doubt?

Felder, 187 A.3d 909 (Pa. 2018) (emphasis added).

Here, Collins was sentenced to a minimum prison term of 30 years. Thus, on its face, any holding in Felder would be distinguishable from the instant case.

Upon our review, we agree with the PCRA court's Notice, which stated the following:

> [W]ith regard to [Collins's] assertion that a sentence of 30 to life is a de facto life sentence, it is important to remember that [Collins] has been incarcerated since he was 16 years old. At his resentencing, [Collins] was given credit for time served since his

initial sentence. Thus, [Collins] will be eligible for parole at the age of 47. While a court is prohibited from sentencing a juvenile homicide defendant to a term-of-years sentence that results in a de facto life sentence, a sentence is not a de facto life sentence if a defendant has a "meaningful chance of surviv[ing]" until he has served his minimum sentence. ... Lekka, 210 A.3d at 357-58. [Collins] ... clearly has a "meaningful chance of survival" to meet his minimum sentence, as he will be 47 years of age when he reaches his minimum sentence. As such, the sentence of thirty (30) [years] to life is not a de facto life sentence.

PCRA Court Notice, 9/4/19, at 3-4.

We agree with the analysis and conclusion of the PCRA court, as set forth above, and affirm on this basis with regard to Collins's third claim. See id.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/30/2020